**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| MIRA SAFETY LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CASE NO. 1:24-CV-01363-DII |
| | § | |
| BTG INTERNATIONAL, INC., | § | |
| | § | |
| *Defendant*. | § | |

**BRIEF IN SUPPORT OF MOTION FOR LEAVE TO AMEND**

Plaintiff MIRA Safety LLC ("MIRA"), by and through its attorneys Revision Legal, PLLC, hereby states the following for its Brief in Support of Motion for Leave to Amend:

**INTRODUCTION**

Plaintiff MIRA respectfully moves this Court for leave to file its Second Amended Complaint, attached as Exhibit A, pursuant to Federal Rule of Civil Procedure 15(a)(2). Specifically, MIRA seeks leave to amend to add Defendant SERB SARL ("SERB") and to assert additional causes of action for promissory estoppel, unjust enrichment, civil conspiracy, and unfair competition. The addition of Defendant SERB is necessary and appropriate in light of evidence received in discovery, which reveals that SERB played a direct and substantial role in the conduct underlying MIRA's claims. The inclusion of additional causes of action is also necessary and appropriate to plead in the alternative and to conform the allegations pled in Plaintiff's Second Amended Complaint to the evidence received in discovery. For these reasons, Plaintiff respectfully requests that the Court provide MIRA with leave to file its Second Amended Complaint.

**LEGAL STANDARD**

Pursuant to Fed. R. Civ. P. 15(b), a trial court is "to grant leave to amend 'freely,' and the language of this rule 'evinces a bias in favor of granting leave to amend.'" *Lyn-Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002) (*quoting Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1162 (5th Cir. 1982)). A district court must possess a "substantial reason" to deny a request for leave to amend. *Id.* (internal citation omitted). However, decisions concerning motions to amend are "entrusted to the sound discretion of the district court…." *Quintanilla v. Tex. Television, Inc.*, 139 F.3d 494, 499 (5th Cir. 1998) (*quoting Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).

The Fifth Circuit reviews five factors to determine whether to grant a party leave to amend a complaint: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of the amendment. *See Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003). If any of these five factors are absent, the leave sought should be "freely given." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962).

**ARGUMENT**

Plaintiff MIRA avers that it should be granted leave to amend to file its Second Amended Complaint in this matter because there has been no undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by previous amendments, or undue prejudice to the opposing party, and Plaintiff's proposed amendment is not futile. Since the filing of the First Amended Complaint, MIRA has obtained substantial new evidence through discovery the compels the addition of SERB as a named defendant. Specifically, the evidence demonstrates that in March 2021, SERB acquired the assets of BTG International, Inc., including all rights and interests in and to the Thyrosafe product line, from Boston Scientific. Subsequent to this acquisition, the

THYROSAFE trademark was assigned to SERB as the acquirer, as evidenced by US Patent and Trademark Office records. **Exhibit A**, USPTO Records. This acquisition included both tangible and intangible assets, such as the right to control distribution, exclusivity arrangements, and sales channels for the Thyrosafe product.

Documents and correspondence produced in discovery establish that, following SERB's purchase of the relevant assets from BTG in March 2021, SERB assumed the central decision-making role with respect to the distribution and sale of Thyrosafe. As a result, any purported restrictions on MIRA's ability to sell Thyrosafe on Amazon could not have been implemented by BTG without the express approval and direction of SERB. As the owner and manufacturer of the Thyrosafe product, SERB controlled BTG's ability to enroll in Amazon's Transparency Program, which has, as its prerequisite, participation in Amazon's Brand Registry Program. **Exhibit B**, Transparency Eligibility Requirements. In turn, Amazon's Brand Registry Program is only open to the owner of a registered trademark and, as the owner of the registered THYROSAFE mark, only SERB could control and grant access to the Amazon Transparency program. **Exhibit C**, Brand Registry Requirements; **Exhibit A**, USPTO Records.

The evidence further shows that SERB was actively involved in detailed and substantive communications with both BTG and MIRA. These communications addressed:

1. Order quantities and anticipated demand for Thyrosafe;
2. Timing and scheduling of product shipments; and
3. The terms and scope of the territory of sale and exclusivity in MIRA's commercial relationship with BTG, including SERB's own position on these key terms.

SERB's involvement was not merely passive or peripheral; rather, SERB directly participated in negotiations and correspondence that influenced MIRA's rights and obligations under its agreements.

Additionally, discovery has revealed that BTG disputes whether a valid and enforceable contract governs the relationship between it and MIRA. In light of this, it is necessary for MIRA to assert alternative equitable claims, including promissory estoppel and unjust enrichment. If the Court determines that no valid contract exists, it remains undisputed that Defendants, both BTG and SERB, received substantial benefits from MIRA's efforts, purchase of inventory, and advertising—benefits for which, in equity, MIRA should be compensated. Failure to allow these claims would permit Defendants to retain benefits conferred to them by MIRA without justification or remedy, which would be fundamentally unfair and contrary to principles of equity.

Similarly, and as stated above, discovery has revealed that BTG coordinated with SERB to prevent MIRA from selling on the Amazon platform by participating in the Amazon Transparency Program. BTG also coordinated with SERB in determining to prohibit MIRA from selling in the Canadian market, and, as stated above, SERB ultimately held the power to determine who could sell its products on Amazon. In fact, SERB has since appointed a substitute distributor, Grand Rapids, Michigan company Business Connect World, to take MIRA's place. Consequently, MIRA seeks to amend its Complaint to include claims for unfair competition and civil conspiracy to address these newly discovered facts.

There is no undue delay, bad faith, or dilatory motive in seeking this amendment. MIRA promptly brings this motion after discovering the critical facts justifying the addition of SERB as a defendant, and after determining that alternative equitable and conspiracy-based claims are required to conform the pleadings to the evidence and to address any potential gap in contractual obligations. The amendment is necessary to avoid piecemeal litigation and ensure that all parties and all theories of recovery that are supported by the facts are before the Court. Nor will any party be prejudiced by this amendment. The case remains in an early stage, and SERB has already been engaged in many of the relevant communications and has notice of the facts at issue. Allowing this

amendment will promote judicial efficiency and the just resolution of the controversy on its merits, ensuring that MIRA is not left without a remedy should the Court find the contract invalid or unenforceable.

In light of this, MIRA respectfully requests that the Court provide it leave to file its Second Amended Complaint. MIRA has not delayed in making this request, its request is not in bad faith or for a dilatory motive, it has no prior history of failing to cure deficiencies by amendment, there is no undue prejudice to the opposing party, and MIRA's proposed amendment is not futile.

## CONCLUSION

For the foregoing reasons, Plaintiff MIRA respectfully requests that the Court grant leave to file its Second Amended Complaint, which adds SERB as a defendant and claims for promissory estoppel, unjust enrichment, unfair competition, and civil conspiracy.

Respectfully submitted,

*/s/ John Di Giacomo*

John Di Giacomo
Revision Legal
444 Case St. Ste D
Traverse City, MI 49684
p: (231) 714-0100
f: (231) 714-0200
john@revisionlegal.com

**CERTIFICATE OF CONFERENCE**

I certify that I have conferred with counsel for BTG International, Inc. ("BTG") on February 13, 2026 regarding the requested relief, and BTG is opposed to this motion.

*/s/ John Di Giacomo*
John Di Giacomo

**CERTIFICATE OF SERVICE**

I certify that this filing was served on any counsel of record in the above-captioned cause through the electronic filing system or by email on February 19, 2026

*<u>/s/ John Di Giacomo</u>*
John Di Giacomo